UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE MONTGOMERY, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:25-707 |
| v. | : | (JUDGE MANNION) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM

Currently before the Court is a petition for a writ of habeas corpus under 28 U.S.C. §2241 and a motion to appoint counsel filed by *pro se* Petitioner Maurice Montgomery ("Montgomery"). For the reasons set forth below, the Court will direct Montgomery to show cause why the Court should not dismiss the petition without prejudice for his failure to exhaust administrative remedies and will deny the motion to appoint counsel without prejudice.

I.   BACKGROUND

Montgomery was sentenced to an aggregate term of one hundred and seventeen months (117) months' incarceration, followed by five (5) years' supervised release, in the United States District Court for the Northern District of Ohio on May 31, 2018, after pleading guilty to bank robbery (18 U.S.C. §§2113(a), 2) and brandishing a firearm during the commission of a

crime of violence (18 U.S.C. §924(c)(1)(A)(ii)) on February 13, 2018. *See* (Doc. 1 at 1); *United States v. Montgomery*, No. 17-cr-437-1 (N.D. Ohio), ECF Nos. 34, 48. Montgomery did not file an appeal from this sentence; however, he later filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255 on March 4, 2025. *See United States v. Montgomery*, No. 17-cr-437-1 (N.D. Ohio), ECF No. 55. In this motion, Montgomery generally complained about how the Federal Bureau of Prisons ("BOP") was calculating his federal sentence. *See id.* at 11.

The government moved to dismiss Montgomery's Section 2255 motion, *see United States v. Montgomery*, No. 17-cr-437-1 (N.D. Ohio), ECF No. 58, and the Northern District of Ohio granted the motion to dismiss via a memorandum opinion issued on July 11, 2025. *See United States v. Montgomery*, No. 17-cr-437-1, 2025 WL 1919460 (N.D. Ohio July 11, 2025). In this Memorandum Opinion, the Northern District explained that Montgomery's claim was one properly brought under Section 2241 and not Section 2255. *See id.* at *2. More importantly, the Northern District explained that it would have ordinarily transferred the case to the appropriate district—the district in which Montgomery is confined—except for the fact that Montgomery did not show that he exhausted his claim prior to filing his motion. *See id.* at *3. Therefore, the Northern District dismissed

- 2 -

Montgomery's motion without prejudice to him filing a Section 2241 petition "in the judicial district where he is serving his sentence" "after he has exhausted his administrative remedies (if he ha[d] not already done so) . . . ." *Id.*

While Montgomery's Section 2255 motion was pending in the Northern District, he commenced the instant action by filing a Section 2241 petition which the Clerk of Court docketed on April 22, 2025. (Doc. 1.) In this petition, Montgomery indicates that he received a state sentence that the state judge ordered run concurrent to his federal sentence. (*Id.* at 2.) Montgomery avers that he served the entirety of this sentence prior to being transferred into federal custody on December 12, 2023. (*Id.*) Similar to his Section 2255 motion, Montgomery argues that his federal sentence is being incorrectly calculated because the BOP has not taken his time spent in state incarceration into account when calculating his release date.[1] (*Id.*)

---

[1] According to the BOP's Inmate Locator (https://www.bop.gov/inmateloc/), Montgomery's release date is July 20, 2032.

## II. DISCUSSION

### A. Legal Standard

#### 1. Initial Screenings

Under Section 2241, habeas relief may be extended to a federal prisoner only when they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." R. 4, 28 U.S.C. foll. §2254; *see* R. 1(b), 28 U.S.C. foll. §2254 ("The district court may apply any or all of these rules to a habeas corpus petition not [involving a petition under 28 U.S.C. §2254]."); *see also Heath v. Bell*, 448 F. Supp. 416, 417 (M.D. Pa. 1977) (noting that Rule 1(b) of the Rules Governing Section 2254 Habeas Petitions in the United States District Courts renders Rule 4 applicable to Section 2241 habeas petitions). Thus, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing R. 4, 28 U.S.C. foll. §2254).

### 2. Section 2241 Petitions Filed by Federal Prisoners

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out." *Woodall*, 432 F.3d at 242, 243 (citation omitted). As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. *See, e.g.*, *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the manner in which the BOP is computing their federal sentence); *United States v. Vidal*, 647 F. App'x 59, 60 (3d Cir. 2016) (unpublished) ("Because [the federal inmate's] claim challenges the BOP's calculation of sentence credits, it is appropriately addressed in a petition for a writ of habeas corpus pursuant to [Section] 2241" (citation omitted)).

**B.    Analysis**

Montgomery's Section 2241 petition appears to suffer from the same defect recognized by the Northern District, namely, it does not appear that he exhausted his administrative remedies with the BOP prior to filing the petition. In this regard, unlike with Section 2254 petitions and Section 2255 motions, there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("[T]here is no statutory exhaustion requirement attached to §2241[.]"). Nevertheless, the Third Circuit Court of Appeals has "consistently applied an exhaustion requirement to claims brought under §2241." *Id.* (citations omitted). Exhaustion "allow[s] the appropriate agency to develop a factual record and apply its expertise[,] . . . conserves judicial resources[,] and . . . provide[s] agencies the opportunity to correct their own errors [which] fosters administrative autonomy." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761–62 (3d Cir. 1996) (citations omitted).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (unpublished) (explaining that "exhaustion is a precondition to bringing suit" and summarily affirming district court's dismissal of Section 2241 petition due to petitioner's failure to

exhaust). Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if "the issue presented involve[s] only statutory construction." *Vasquez v. Strada*, 684 F.3d 431, 433–34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Similarly, exhaustion is not required "if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (unpublished); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (explaining that "[a]n exception is made [to the exhaustion requirement] only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief").

Concerning exhaustion within the BOP, it has an Administrative Remedy Program through which federal prisoners can request review of nearly any aspect of their imprisonment. *See* 28 C.F.R. §542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."). Specifically, the BOP has a four (4)-step administrative process through which an inmate can address issues concerning the conditions of their confinement. *See id.* §542.13(a)–15(a). Except in circumstances inapplicable here, an inmate must first informally present the

complaint to staff, who must attempt to informally resolve the matter. *See id.* §542.13(a) ("Except as provided in §542.13(b), an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."). If the informal resolution is unsuccessful, then the inmate must execute the appropriate form (BP–9) to bring the matter to the attention of the Warden, within twenty (20) calendar days of the date of the incident. *See id.* §542.14(a) ("The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred."). If the inmate is dissatisfied with the Warden's response, they may then appeal to the Regional Director within twenty (20) calendar days. *See id.* §542.15(a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."). The inmate may then, if dissatisfied with the Regional Director's response, appeal to the General Counsel at the BOP's Central Office within thirty (30) calendar days. *See id.* ("An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General

Counsel within 30 calendar days of the date the Regional Director signed the response."). This is the final administrative appeal level in the BOP, and no administrative appeal is considered to have been fully exhausted until considered by the BOP's General Counsel. *See id.* ("Appeal to the General Counsel is the final administrative appeal."); *see also Redmond v. Dortch*, 823 F. App'x 266, 267 (5th Cir. 2020) (unpublished) ("Redmond did not fully exhaust his remedies because he never completed the fourth and final step of appeal to the Office of General Counsel.").

      Here, Montgomery did not use the Court's standard form for Section 2241 habeas petitioners, which contains sections where he can describe his efforts to exhaust his BOP remedies as to his sentencing calculation claim. In his handwritten petition, Montgomery's only reference potentially related to exhaustion is where he points out that he attaches a purported copy of his "BP–9" to his petition. (Docs. 1 at 2; 1-3 at 1.) However, as explained above, a BP–9 is the first step in the **formal** administrative remedy process, and Montgomery attaches only an "Inmate Request to Staff Response" dated February 26, 2025, in which a staff-member responded to his "request for *informal* resolution." (Doc. 1-3 at 1 (emphasis added).) The submission of this document alone is insufficient to demonstrate exhaustion. To the contrary, it is more probative of Montgomery's failure to exhaust.

Because it appears that Montgomery did not fully exhaust his administrative remedies with the BOP prior to filing his Section 2241 petition, the Court will order him to show cause why his petition should not be dismissed without prejudice for his failure to exhaust. In addition, insofar as it is uncertain at this stage whether Montgomery's petition is properly before this Court, his motion for the appointment of counsel will be denied without prejudice as well.

### III. CONCLUSION

For the reasons stated above, the Court will order Montgomery to show cause why the Court should not dismiss his Section 2241 due to his apparent failure to exhaust his administrative remedies. The Court will also deny without prejudice his motion for appointment of counsel. An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 5, 2025**
25-707-01