**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAURICE MONTGOMERY,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:25-707** |
| **v.** | : | **(JUDGE MANNION)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Currently before the Court is *pro se* Petitioner Maurice Montgomery ("Montgomery")'s petition for a writ of habeas corpus under 28 U.S.C. §2241 in which he generally contends that the Federal Bureau of Prisons ("BOP") has incorrectly calculated his federal sentence. After screening Montgomery's petition, the Court ordered Montgomery to show cause why the Court should not dismiss the petition due to his failure to exhaust his administrative remedies with the BOP. Montgomery filed a response in which he concedes that he failed to exhaust his administrative remedies, requests the appointment of counsel, and seeks a stay of this case to allow him to exhaust. For the reasons set forth below, the Court will deem Montgomery's request for a stay withdrawn, dismiss without prejudice his Section 2241 petition for failure to exhaust, deny as moot his request for appointment of counsel, and direct the Clerk of Court to close this case.

## I.   BACKGROUND

Montgomery was sentenced to an aggregate term of one hundred and seventeen months (117) months' incarceration, followed by five (5) years' supervised release, in the United States District Court for the Northern District of Ohio on May 31, 2018, after pleading guilty to bank robbery (18 U.S.C. §§2113(a), 2) and brandishing a firearm during the commission of a crime of violence (18 U.S.C. §924(c)(1)(A)(ii)) on February 13, 2018. *See* (Doc. 1 at 1); *United States v. Montgomery*, No. 17-cr-437-1 (N.D. Ohio), ECF Nos. 34, 48. Montgomery did not file an appeal from this sentence; however, he later filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255 on March 4, 2025. *See United States v. Montgomery*, No. 17-cr-437-1 (N.D. Ohio), ECF No. 55. In this motion, Montgomery generally complained about how the Federal Bureau of Prisons ("BOP") was calculating his federal sentence. *See id.* at 11.

The government moved to dismiss Montgomery's Section 2255 motion, *see United States v. Montgomery*, No. 17-cr-437-1 (N.D. Ohio), ECF No. 58, and the Northern District of Ohio granted the motion to dismiss via a memorandum opinion issued on July 11, 2025. *See United States v. Montgomery*, No. 17-cr-437-1, 2025 WL 1919460 (N.D. Ohio July 11, 2025). In this Memorandum Opinion, the Northern District explained that

- 2 -

Montgomery's claim was one properly brought under Section 2241 and not Section 2255. *See id.* at *2. More importantly, the Northern District explained that it would have ordinarily transferred the case to the appropriate district—the district in which Montgomery is confined—except for the fact that Montgomery did not show that he exhausted his claim prior to filing his motion. *See id.* at *3. Therefore, the Northern District dismissed Montgomery's motion without prejudice to him filing a Section 2241 petition "in the judicial district where he is serving his sentence" "after he has exhausted his administrative remedies (if he ha[d] not already done so) . . . ." *Id.*

While Montgomery's Section 2255 motion was pending in the Northern District, he commenced the instant action by filing a Section 2241 petition which the Clerk of Court docketed on April 22, 2025. (Doc. 1.) In this petition, Montgomery indicates that he received a state sentence that the state judge ordered run concurrent to his federal sentence. (*Id.* at 2.) Montgomery avers that he served the entirety of this sentence prior to being transferred into federal custody on December 12, 2023. (*Id.*) Similar to his Section 2255 motion, Montgomery argues that his federal sentence is being incorrectly

calculated because the BOP has not taken his time spent in state incarceration into account when calculating his release date.[1] (*Id.*)

In addition to his habeas petition, Montgomery filed a motion to appoint counsel. (Doc. 10.) The Court screened the petition, reviewed the motion, and issued a Memorandum and Order on August 5, 2025, which, *inter alia*, (1) ordered Montgomery to show cause why his Section 2241 petition should not be dismissed without prejudice for his failure to exhaust his administrative remedies and (2) denied without prejudice his motion to appoint counsel. (Docs. 11, 12.) In response to the Court's Order, Montgomery submitted a letter dated August 22, 2025, in which he concedes that he has not exhausted his administrative remedies within the BOP, requests a stay of this case, and again seeks the appointment of counsel. (Doc. 13.)

## II.    LEGAL STANDARD

Under Section 2241, habeas relief may be extended to a federal prisoner only when they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District

---

[1]    According to the BOP's Inmate Locator (https://www.bop.gov/inmateloc/), Montgomery's release date is August 16, 2032.

Courts, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." R. 4, 28 U.S.C. foll. §2254; *see* R. 1(b), 28 U.S.C. foll. §2254 ("The district court may apply any or all of these rules to a habeas corpus petition not [involving a petition under 28 U.S.C. §2254]."); *see also Heath v. Bell*, 448 F. Supp. 416, 417 (M.D. Pa. 1977) (noting that Rule 1(b) of the Rules Governing Section 2254 Habeas Petitions in the United States District Courts renders Rule 4 applicable to Section 2241 habeas petitions). Thus, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing R. 4, 28 U.S.C. foll. §2254).

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out." *Woodall*,

- 5 -

432 F.3d at 242, 243 (citation omitted). As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. *See, e.g., Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the manner in which the BOP is computing their federal sentence); *United States v. Vidal*, 647 F. App'x 59, 60 (3d Cir. 2016) (unpublished) ("Because [the federal inmate's] claim challenges the BOP's calculation of sentence credits, it is appropriately addressed in a petition for a writ of habeas corpus pursuant to [Section] 2241" (citation omitted)).

Unlike with Section 2254 habeas petitions and Section 2255 motions, there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("[T]here is no statutory exhaustion requirement attached to §2241[.]"). Nevertheless, the Third Circuit Court of Appeals has "consistently applied an exhaustion requirement to claims brought under §2241." *Id.* (citations omitted). Exhaustion "allow[s] the appropriate agency to develop a factual record and apply its expertise[,] . . . conserves judicial resources[,] and . . . provide[s] agencies the opportunity to correct their own errors [which] fosters

administrative autonomy." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761–62 (3d Cir. 1996) (citations omitted).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (unpublished) (explaining that "exhaustion is a precondition to bringing suit" and summarily affirming district court's dismissal of Section 2241 petition due to petitioner's failure to exhaust). Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if "the issue presented involve[s] only statutory construction." *Vasquez v. Strada*, 684 F.3d 431, 433–34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Similarly, exhaustion is not required "if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (unpublished); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (explaining that "[a]n exception is made [to the exhaustion requirement] only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief").

Concerning exhaustion within the BOP, it has an Administrative Remedy Program through which federal prisoners can request review of

- 7 -

nearly any aspect of their imprisonment. *See* 28 C.F.R. §542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."). Specifically, the BOP has a four (4)-step administrative process through which an inmate can address issues concerning the conditions of their confinement. *See id.* §542.13(a)–15(a). Except in circumstances inapplicable here, an inmate must first informally present the complaint to staff, who must attempt to informally resolve the matter. *See id.* §542.13(a) ("Except as provided in §542.13(b), an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."). If the informal resolution is unsuccessful, then the inmate must execute the appropriate form (BP–9) to bring the matter to the attention of the Warden, within twenty (20) calendar days of the date of the incident. *See id.* §542.14(a) ("The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred."). If the inmate is dissatisfied with the Warden's response, they may then appeal to the Regional Director within twenty (20) calendar days. *See id.* §542.15(a) ("An inmate who is not

satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."). The inmate may then, if dissatisfied with the Regional Director's response, appeal to the General Counsel at the BOP's Central Office within thirty (30) calendar days. *See id.* ("An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response."). This is the final administrative appeal level in the BOP, and no administrative appeal is considered to have been fully exhausted until considered by the BOP's General Counsel. *See id.* ("Appeal to the General Counsel is the final administrative appeal."); *see also Redmond v. Dortch*, 823 F. App'x 266, 267 (5th Cir. 2020) (unpublished) ("Redmond did not fully exhaust his remedies because he never completed the fourth and final step of appeal to the Office of General Counsel.").

## III.   DISCUSSION

In his response to the Court's Order to Show Cause, Montgomery admits that he did not fully exhaust his administrative remedies with the BOP prior to filing his petition in this case. *See* (Doc. 13 at 1). However, he appears to blame his attorney or another person for giving him incorrect

guidance, *see* (*id.* ("Now my lawyer told me to cop'd [sic] out to my federal cases then cop'd [sic] out to my state cases. I was told that my efforts for proceeding beyond [the] unit staff member would be a waste of time and told me to file a 2241 to the district court where im [sic] located at.")), the United States District Court for the Northern District of Ohio, *see* (*id.* ("The Ohio Court told me nothing about the BOP's [e]xhaustion requirements, nor the reason why to exhaust those remedies.")), and his ignorance of the BOP's administrative remedy process. *See* (*id.* ("I have very limited knowledge on how all the procedures work, and have hit major speed bumps in my efforts to learn [a]dministrative [e]xhaustion requirements. Here at FCI Allenwood, with the continued lockdowns and limited access to the law library and no one to help me, I have no opportunity to obtain adequate knowledge to follow the [m]ulti step [sic] remedy process placed by the BOP.")). None of these reasons are sufficient to excuse Montgomery's failure to exhaust.

Montgomery is not presenting a legal issue involving only statutory construction, and he does not argue that any attempt to exhaust would be futile. Additionally, the Northern District of Ohio was not obliged to provide Montgomery with legal advice about how to fully exhaust his administrative remedies within the BOP. Moreover, any inaccurate legal advice from Montgomery's attorney does not excuse his failure to exhaust. *See, e.g.*,

- 10 -

*Hahn v. Armstrong*, 407 F. App'x 77, 79 (8th Cir. 2011) (unpublished) (explaining that poor legal advice is not a recognized exception to administrative exhaustion). Furthermore, Montgomery's ignorance of the administrative process is not a valid excuse. *See, e.g.*, *Terantino v. Fortson*, No. 21-cv-1248, 2022 WL 17228660, at *3 (M.D. Pa. Nov. 23, 2022) ("Time and again, district courts within and beyond this district have rejected prisoners' claims of ignorance to the grievance process." (citations omitted)). Therefore, none of Montgomery's asserted reasons warrant excusing his failure to exhaust in this case, and he remains able to raise his claim with the BOP. After fully exhausting his claim, Montgomery may file a new Section 2241 petition should he not receive the relief sought.[2] Accordingly, the Court will dismiss without prejudice Montgomery's Section 2241 habeas petition under Rule 4 because he failed to fully exhaust his administrative remedies with the BOP before filing his petition in this case.

Additionally, to the extent that Montgomery moves for a stay of this case as part of his response to the Court's Order to Show Cause, *see* (Doc. 13 at 1 ("I ask this court to temper justice with mercy and consider my request

---

[2] By indicating that Montgomery may file a new petition if he fully exhausts his claim with the BOP, the Court is not opining about the merits of such a petition.

- 11 -

in granting me a stay in my quest, effort [sic] to continue my motion for relief concerning the [R]ules of Federal procedure [sic].")), he needed to file a brief in support of this motion pursuant to the Court's Local Rules. *See* M.D. Pa. L.R. 7.5 ("Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion."). As such, the Court will deem Montgomery's motion for a stay withdrawn. *See id.* ("If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.").[3] The Court will also deny Montgomery's request for appointment of counsel as moot because the Court will dismiss his Section 2241 petition.

---

[3] Even if the Court addressed Montgomery's motion to stay based on the information he submits in his response to the Court's Order to Show Cause, the Court would deny the motion because he fails to establish any reason for staying this case while he exhausts his administrative remedies.

## IV.   CONCLUSION

For the reasons stated above, the Court will deem withdrawn Montgomery's motion to stay this case pending exhaustion of his administrative remedies, dismiss without prejudice his Section 2241 habeas petition due to his failure to exhaust his administrative remedies, deny his request for appointment of counsel as moot, and direct the Clerk of Court to close this case. An appropriate Order follows.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 25, 2026**
25-707-02

- 13 -